United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 24, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-41712
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE ALFREDO CASTRO-GONZALEZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:04-CR-337-ALL
--------------------

Before GARZA, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Jose Alfredo Castro-Gonzales (Castro) was convicted of illegal reentry following deportation. He argues on appeal that, in light of United States v. Booker, 543 U.S. 220 (2005), the district court erred by sentencing him under mandatory Sentencing Guidelines. He also argues that 8 U.S.C. § 1326(b) is unconstitutional in light of Apprendi v. New Jersey, 530 U.S. 466 (2000).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

We review Castro's first argument for plain error. See United States v. Mares, 402 F.3d 511, 520 (5th Cir.), cert. denied, 126 S. Ct. 43 (2005). The district court's application of the guidelines in their mandatory form constituted error that is plain. See United States v. Valenzuela-Quevedo, 407 F.3d 728, 733 (5th Cir.), cert. denied, 126 S. Ct. 267 (2005). Castro concedes that he cannot meet the third prong of plain-error analysis, as a review of the record gives no indication that the judge would have sentenced him any differently had he known the guidelines were only advisory. See Mares, 402 F.3d at 522. Castro also concedes that this court has rejected his argument that the application of mandatory guidelines is a structural error or is presumptively prejudicial. See United States v. Malveaux, 411 F.3d 558, 560 n.9 (5th Cir.), cert. denied, 126 S. Ct. 194 (2005). He nevertheless raises these arguments to preserve them for further review.

Castro's constitutional challenge to § 1326(b) is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although Castro contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi, we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding. See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005). Castro properly concedes that his argument is foreclosed in light of

<u>Almendarez-Torres</u> and circuit precedent, but he raises it here to preserve it for further review.

Accordingly, the judgment of the district court is AFFIRMED.